Robert H. Scott (USB #10981)
**AKERMAN LLP**
170 South Main Street, Suite 725
Salt Lake City, Utah  84101-1648
Telephone: 801.907.6900
Facsimile: 801.355.0294
Email:  robert.scott@akerman.com

*Attorneys for Defendant DMS, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADRIAN  JUCHAU  and  KARISSA KENNEY, | **ANSWER TO THE COMPLAINT** |
| Plaintiffs, | |
| v. | |
| FLUENT, INC. and DMS DE, INC., | Case No. 2:21-cv-00551 |
| Defendants. | Judge Robert J. Shelby |

Defendant DMS Inc., incorrectly sued as DMS DE, Inc. ("Defendant") hereby answers the

Complaint filed by Adrian Juchau ("Juchau") and Karissa Kenney ("Kenney") (collectively

"Plaintiffs") as follows:

**<u>INTRODUCTION</u>**

1.      Defendant lacks sufficient information to either admit or deny the allegations of

paragraph 1 of the Complaint and on that basis, deny the same.

2.      Defendant lacks sufficient information to either admit or deny the allegations of

paragraph 2 of the Complaint and on that basis, deny the same.

3.      Defendant admits only so much of the allegations of paragraph 3 of the Complaint

that allege that Fluent is a marketing company.  As to the remaining allegations of paragraph 3 of

the Complaint, Defendant lacks sufficient information to either admit or deny and on that basis, deny the same.

4.      Defendant denies the allegations of paragraph 4 of the Complaint.

5.      Defendant lacks sufficient information to either admit or deny the allegations of paragraph 5 of the Complaint and on that basis, deny the same.

6.      Defendant denies the allegations of paragraph 6 of the Complaint.

7.      Defendant lacks sufficient information to either admit or deny the allegations of paragraph 7 of the Complaint and on that basis, deny the same.

8.      Defendant denies the allegations of paragraph 8 of the Complaint.

9.      Defendant lacks sufficient information to either admit or deny the allegations of paragraph 9 of the Complaint and on that basis, deny the same.

10.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 10 of the Complaint and on that basis, deny the same.

11.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 11 of the Complaint and on that basis, deny the same

12.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 12 of the Complaint and on that basis, deny the same

13.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 13 of the Complaint and on that basis, deny the same

14.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 14 of the Complaint and on that basis, denies the same

15.     Defendant denies the allegations of paragraph 15 of the Complaint.

16.     Defendant denies that it sent text messages to either Plaintiff or any putative class members.

17.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 17 of the Complaint and on that basis, denies the same.

18.     Defendant denies the allegations in paragraph 18 of the Complaint.

19.     Defendant denies the allegations in paragraph 19 of the Complaint.

20.     The allegations of paragraph 20 are, or purport to be, legal conclusions for which no response is required.  To the extent that a response is required, Defendant denies the same.

21.     Defendant denies that it violated any law and specifically denies that either plaintiff Juchau, plaintiff Kenney, or any putative class member is entitleD to any relief against Defendant.

## JURISDICTION AND VENUE

22.     Admit.

23.     The allegations of paragraph 23 are, or purport to be, legal conclusions for which no response is required.  To the extent that a response is required, Defendant denies the same.

24.     The allegations of paragraph 24 are, or purport to be, legal conclusions for which no response is required.  To the extent that a response is required, Defendant denies the same.

## PARTIES

25.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 25 of the Complaint and on that basis, denies the same.

26.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 26 of the Complaint and on that basis, denies the same.

27.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 27 of the Complaint and on that basis, denies the same.

28.     Defendant denies that DMS DE, Inc. exists.  Defendant admits that DMS Inc., is a Delaware corporation with a principal place of business in Florida.  Unless otherwise expressly admitted, Defendant denies the remain allegations of paragraph 28.

## FACTUAL ALLEGATIONS

29.     Defendant incorporates by reference its responses to each individual paragraph of this Complaint as if set forth herein.

30.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 30 of the Complaint and on that basis, denies the same.

31.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 31 of the Complaint and on that basis, denies the same.

32.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 32 of the Complaint and on that basis, denies the same.

33.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 33 of the Complaint and on that basis, denies the same.

34.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 34 of the Complaint, including all subparagraphs thereof, and on that basis, denies the same.

35.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 35 of the Complaint and on that basis, denies the same.

36.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 36 of the Complaint and on that basis, denies the same.

37.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 37 of the Complaint and on that basis, denies the same.

38.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 38 of the Complaint and on that basis, denies the same.

39.     Defendant denies that DMS, Inc. sent any messages to Plaintiff Kenney.

40.     Defendant denies that DMS, Inc. sent any messages to Plaintiff Kenney and lacks sufficient information to either admit or deny the remaining allegations of paragraph 40 of the Complaint and on that basis, denies the same.

41.     Defendant denies that DMS, Inc. sent any messages to Plaintiff Kenney.

42.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 42 of the Complaint and on that basis, denies the same.

43.     Defendant denies the allegations of paragraph 43.

44.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 44 of the Complaint and on that basis, denies the same.

45.     Defendant denies that it makes use of any names to either avoid detection or to make it impossible to identify who sends text messages.

46.     Defendant denies the allegations of paragraph 44.

47.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 47 of the Complaint and on that basis, denies the same.

48.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 48 of the Complaint and on that basis, denies the same.

49.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 49 of the Complaint and on that basis, denies the same.

50.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 50 of the Complaint, including all subparagraphs thereof, and on that basis, denies the same.

51.     Defendant responds that the allegations of paragraph 51 that Fluent controlled the publisher associated with text messages purportedly received by Plaintiff Kenney is a legal conclusion for which a response is required, though if a response is required Defendant denies the same.  Defendant denies that CAC is a dba of Fluent, and responds that it lacks sufficient information to either admit or deny the allegations of subparagraph iii of paragraph 51 of the Complaint.

52.     Defendant denies that the lead associated with Plaintiff Kenney was fabricated.  As to the remaining allegations of paragraph 52 of the Complaint, they are, or purport to be, legal conclusions for which no response is required.  To the extent that a response is required, Defendant denies the same.

53.     The allegations of paragraph 53 of the Complaint are, or purport to be, legal conclusions for which no response is required.

54.     Defendant denies the allegations of paragraph 54 of the Complaint.

55.     Defendant denies the allegations of paragraph 55 of the Complaint.

56.     The allegations of paragraph 53 of the Complaint are, or purport to be, legal conclusions for which no response is required.  To the extent that a response is required, Defendant denies the same.

57.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 57 of the Complaint, including all subparagraphs thereof, and on that basis, denies the same.

58.     Defendant denies the allegations of paragraph 58 of the Complaint.

59.     Defendant denies the allegations of paragraph 59 of the Complaint, including all subparagraphs thereof.

60.     With respect to Plaintiff Kenney, Defendant denies the allegations of paragraph 60 of the Complaint.  As to the remaining allegations of paragraph 60 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations and, on that basis, denies the same.

61.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 61 of the Complaint and on that basis, denies the same.

62.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 62 of the Complaint and on that basis, denies the same.

63.     Defendant denies the allegations of paragraph 63 of the Complaint.

64.     Defendant denies the allegations of paragraph 64 of the Complaint.

65.     Defendant denies the allegations of paragraph 65 of the Complaint.

66.     Defendant denies the allegations of paragraph 66 of the Complaint.

67.     Defendant denies the allegations of paragraph 67 of the Complaint.

68.     Defendant denies that DMS, Inc. sent Plaintiff Kenney any text messages.

69.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 69 of the Complaint and on that basis, denies the same.

70.     Defendant denies that DMS, Inc. sent Plaintiff Kenney any text messages and as such lacks sufficient information to either admit or deny the allegations of paragraph 70 of the Complaint and on that basis, denies the same.

71.     Defendant admits that 801, 385, and 435 are area codes typically associated with Utah.  Defendant denies the remaining allegations of paragraph 71 of the Complaint.

72.     The allegations of paragraph 72 are, or purport to be, legal conclusions for which no response is required.  To the extent that a response is required, Defendant admit the allegations of paragraph 72 of the Complaint.

73.     The allegations of paragraph 73 are, or purport to be, legal conclusions for which no response is required.  To the extent that a response is required, Defendant admit the allegations of paragraph 73 of the Complaint.

74.     The allegations of paragraph 74 are, or purport to be, legal conclusions for which no response is required.  To the extent that a response is required, Defendant denies the allegations of paragraph 74 of the Complaint.

75.     The allegations of paragraph 73 are, or purport to be, legal conclusions for which no response is required.  To the extent that a response is required, Defendant admit the allegations of paragraph 75 of the Complaint.

76.     The allegations of paragraph 76 are, or purport to be, legal conclusions for which no response is required.  To the extent that a response is required, Defendant denies the allegations of paragraph 76 of the Complaint.

77.     The allegations of paragraph 77 are, or purport to be, legal conclusions for which no response is required.  To the extent that a response is required, Defendant denies the allegations of paragraph 77 of the Complaint.

78.     The allegations of paragraph 78 are, or purport to be, legal conclusions for which no response is required.  To the extent that a response is required, Defendant admits the allegations of paragraph 78 of the Complaint.

79.     The allegations of paragraph 79 are, or purport to be, legal conclusions for which no response is required.  To the extent that a response is required, Defendant admit the allegations of paragraph 79 of the Complaint only the extent that wireless telephone subscribers whose telephone numbers qualify as residential under the TCPA and its implementing regulations may place those numbers on the DNCR.  Unless otherwise expressly admitted, Defendant denies the allegations of paragraph 79 of the Complaint.

80.     The allegations of paragraph 80 are, or purport to be, legal conclusions for which no response is required.  To the extent that a response is required, Defendant denies the allegations of paragraph 80 of the Complaint.

81.     The allegations of paragraph 81 are, or purport to be, legal conclusions for which no response is required.  To the extent that a response is required, Defendant denies the allegations of paragraph 81 of the Complaint.

## CLASS ACTION ALLEGATIONS

82.     Defendant admits only so much of the allegations of paragraph 82 of the Complaint as alleges that Plaintiffs purport to bring this action on behalf of themselves and putative classes of purported similarly situated individuals.  Defendant specifically denies that any such putative classes could be certified in accordance with Fed. R. Civ. P. 23 or that either Plaintiff or any putative class member is entitled to any relief against Defendant.

83.     Defendant objects to the definitions of the respective putative classes and specifically denies that any such putative class could be certified in accordance with Fed. R. Civ. P. 23.

84.     Defendant denies the allegations of paragraph 84 of the Complaint.

85.     Defendant denies the allegations of paragraph 85 of the Complaint.

86.     Defendant lacks sufficient information to admit or deny the allegations of paragraph 86 concerning counsel and on that basis denies the same.  Defendant denies the remaining allegations of paragraph 86 of the Complaint.

87.     Defendant denies the allegations of paragraph 87 of the Complaint, including all subparagraphs thereof.

88.     Defendant denies the allegations of paragraph 88 of the Complaint.

89.     Defendant lacks sufficient information to admit or deny the allegations of paragraph 89 and on that basis, denies the same.

90.     Defendant denies the allegations of paragraph 90 of the Complaint.

91.     Defendant denies the allegations of paragraph 91 of the Complaint.

## FIRST CAUSE OF ACTION

92.     Defendant incorporates by reference its responses to each individual paragraph of this Complaint as if set forth herein.

93.     Defendant denies the allegations of paragraph 93 of the Complaint.

94.     Defendant denies the allegations of paragraph 94 of the Complaint.

95.     Defendant denies the allegations of paragraph 95 of the Complaint.

96.     The allegations of paragraph 96 of the Complaint are, or purport to be, legal conclusions for which no response is required.  To the extent that a response is required, Defendant denies the same.

97.     Defendant denies the allegations of paragraph 97 of the Complaint.

## SECOND CAUSE OF ACTION

98.     Defendant incorporates by reference its responses to each individual paragraph of this Complaint as if set forth herein.

99.     Defendant denies the allegations of paragraph 99 of the Complaint.

100.    Defendant denies the allegations of paragraph 100 of the Complaint.

101.    Defendant denies the allegations of paragraph 101 of the Complaint.

102.    The allegations of paragraph 102 of the Complaint are, or purport to be, legal conclusions for which no response is required.  To the extent that a response is required, Defendant denies the same.

103.    Defendant denies the allegations of paragraph 103 of the Complaint.

## THIRD CAUSE OF ACTION

104.    Defendant incorporates by reference its responses to each individual paragraph of this Complaint as if set forth herein.

105.    Defendant denies the allegations of paragraph 105 of the Complaint.

106.    Defendant denies the allegations of paragraph 106 of the Complaint.

107.    Defendant denies the allegations of paragraph 107 of the Complaint.

108.    The allegations of paragraph 108 of the Complaint are, or purport to be, legal conclusions for which no response is required.  To the extent that a response is required, Defendant denies the same.

109.    Defendant denies the allegations of paragraph 103 of the Complaint.

Answering the "PRAYER FOR RELIEF" beginning with "WHEREFORE," including the subparts thereof, Defendant denies each and every allegation contained therein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff and/or the putative class members lack standing to bring the or one more of the claims purportedly being asserted.

### SECOND AFFIRMATIVE DEFENSE

2.    The Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

3.    Plaintiff and/or the putative class members have not suffered concrete and particularized injuries.

## FOURTH AFFIRMATIVE DEFENSE

4.     Prior express consent, as well as prior express written consent, was obtained from one or both Plaintiffs, and therefore, their claims must fail. To the extent putative class members provided such consent, their claims also fail.

## FIFTH AFFIRMATIVE DEFENSE

5.     Defendant incorporates herein by reference all provision set for within 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (including prior versions of this statute and regulation) and rely herein on any and all safe harbor provisions, exemptions, exceptions, limitations, conditions, and/or other defenses that may be set forth therein, including but not limited to the fact that the text at issue was sent for informational purposes only.

## SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff cannot maintain this action as a class action under the Federal Rules of Civil Procedure. Among other things, Defendant expressly denies that the identities of the putative class members are ascertainable/determinable, that there are common questions of law and fact, that such questions predominate over individual issues, that Plaintiff's claims are typical, that the individualized issues raised by Plaintiff's claims can be adjudicated on a class-wide basis, the classes themselves are defined in a way that precludes membership unless liability is established, a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy, and Defendant denies that Plaintiff is a member of the class as alleged and/or is an adequate class representative.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Defendant was not the senders of the text at issue and is not vicariously liable, or otherwise liable based on agency principles, for the acts of the caller/sender thereof.

## EIGHTH AFFIRMATIVE DEFENSES

8.      Defendant states that it has complied with all applicable statutes and regulations, thereby barring any and all of Plaintiff's claims.

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiffs' claims are barred by the doctrines of estoppel, waiver, laches, consent, and other equitable doctrines as a bar to the claims of Plaintiffs and the putative class members.

## TENTH AFFIRMATIVE DEFENSE

10.     An automatic telephone dialing system as that term is defined by 47 U.S.C. § 227, the implementing regulations promulgated thereunder, the Federal Communications Commission's rulings and/or decisional law interpreting same, was not employed.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands because Plaintiffs engaged in fraud and deceit in connection with the transactions forming the basis of their claims.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Any loss, injury, or damage incurred by Plaintiff was proximately caused by the acts of third parties whom Defendant neither controlled nor had the right to control, and was not proximately caused by any acts, omissions or other conduct of Defendant.

14

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff has not suffered any damages due to Defendant's alleged actions. Plaintiff must sustain an injury in fact specific to each individual text message for which Plaintiff claims a violation.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiffs, as well as the putative class members, are without a private right of action for one or more of the claims asserted.

**WHEREFORE**, Defendant seek judgment against Plaintiff:

(a) Denying all relief sought by Plaintiff and dismissing the Complaint against it in its entirety, with prejudice;

(b) Awarding Defendant its attorneys' fees and costs incurred herein to the maximum extent allowed by law; and

(c) Granting Defendant such other and further relief as this Court deems just and proper.

DATED this 2nd day of December, 2021.

**AKERMAN LLP**

By: */s/  Robert H. Scott*
      Robert H. Scott
      *Attorneys for Defendant DMS, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd day of December, 2021, I caused a true and correct copy of

the foregoing **ANSWER TO THE COMPLAINT** to be filed via the Court's CM/ECF system

which provided electronic notice of such filing to all persons registered to receive notice in this

case.

*/s/ Robert H. Scott*