Thomas Alvord #14119
James S. Wertheim
**LawHQ, LLC**
299 S. Main St. #1300
Salt Lake City, UT 84111
Telephone: (385) 285-1090 ext. 30002
Email: thomas@lawhq.com
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION
## AT SALT LAKE CITY

| | |
|---|---|
| ADRIAN JUCHAU and KARISSA KENNEY,<br><br>Plaintiffs,<br><br>v.<br><br>FLUENT, INC., and DMS DE, INC,<br><br>Defendants. | **JOINT MOTION TO SEVER CLAIMS AGAINST DMS**<br><br>Case No. 2:21-cv-00551-RJS<br><br>Judge Robert J. Shelby<br>Magistrate Judge Cecilia M. Romero |

Plaintiff Karissa Kenny ("Karissa" or "Plaintiff") received numerous text messages. She filed suit against Defendants Fluent, Inc. ("Fluent") and DMS DE, Inc. ("DMS"), believing for various reasons that at least four of the texts were sent or initiated by Defendant DMS on behalf of Defendant Fluent. Based on discovery responses provided by DMS, Plaintiff neither believes that to be the case nor that Defendants were acting in concert in regard to four texts sent to Karissa. Therefore, the parties jointly request that the Court sever the claims against DMS from the rest of the suit.[1]

A court has discretion to sever claims through Rule 21 of the Federal Rules of Civil Procedure. Rule 21 permits a court to "sever any claim against a party." *Cheek v. Garrett*,

---

[1] There are, however, other text messages sent or initiated by Defendant Fluent to Karissa that will remain part of the non-severed case. Thus, the non-severed case will continue to have two plaintiffs – Karissa and Adrian Juchau.

No. 2:10-CV-508 TS, 2011 WL 1085780, at *2 (D. Utah Mar. 21, 2011); Fed.R.Civ.P. 21. Rule 21 of the Federal Rules of Civil Procedure governs misjoinder and nonjoinder of parties, providing that the court may sever any claim against a party. Severance under Rule 21 creates a separate case. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991). A court has broad discretion in deciding whether to sever parties or claims. *German by German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995). "The cases make it clear that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." *Allstate Fire & Cas. Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-CV-02080-PAB-STV, 2017 WL 4236309, at *1 (D. Colo. Sept. 22, 2017). Thus, to remedy misjoinder, any claims against misjoined parties may be severed and proceeded with separately. *Nasious v. City & Cnty. of Denver-Denver Sheriff's Dep't.*, 415 F. App'x 877, 880–81 (10th Cir. 2011).

Rule 21 applies when the claims asserted do not arise out of the same transaction or occurrence or do not present some common question of law or fact. *See Am. Fidelity Fire Ins. Co. v. Construcciones Werl, Inc.,* 407 F.Supp. 164, 190 (D.Vi.1975). Under Rule 21, the court can also sever unrelated claims and afford them separate treatment when to do so would be in the interest of some of the parties. *Id.* This broad power stems from the last sentence of Rule 21, which clearly authorizes the court to sever the claims and proceed with them separately. *Tab Exp. Int'l, Inc. v. Aviation Simulation Tech., Inc.*, 215 F.R.D. 621, 623 (D. Kan. 2003).

"When determining whether severance is appropriate under Rule 21, the court considers the convenience of the parties, avoiding prejudice, promoting expedition and economy, and the separability of law and logic." *Cheek v. Garrett*, No. 2:10-CV-508 TS, 2011 WL 1085780, at *2 (D. Utah Mar. 21, 2011).

> When considering whether to sever claims, the question to be answered is whether severance "will serve the ends of justice and further the prompt and efficient disposition of litigation." The factors to be considered are: the potential prejudice to the parties, the potential confusion to the jury, and the relative convenience and economy. "[A] court has virtually unfettered discretion in determining whether or not severance is appropriate."

*Lifetime Prod., Inc. v. Russell Brands, LLC*, No. 1:12-CV-00026-DN-EJF, 2016 WL 5482226, at *3 (D. Utah Sept. 29, 2016).

Here, all factors favor severance. First, the parties agree that the claims against DMS should be severed. Second, the claims against DMS appear to have no relationship to the claims against Fluent. There would be no overlapping of witnesses, and the facts related to each Defendant would be different. Third, there is no judicial economy in keeping the claims together; in fact, the opposite is probably true. Fourth, discovery has proceeded on completely independent paths regarding each Defendant.[2]

DATED: August 24, 2022

**LawHQ, LLC**

/s/ *James S. Wertheim*
James S. Wertheim
299 S. Main St. #1300
Salt Lake City, UT 84111
(385) 285-1090 ext. 30002
jim@lawhq.com

**KLEIN MOYNIHAN TURCO LLP**

/s/ *Neil E. Asnen*
Neil E. Asnen (admitted *pro hac vice*)
450 Seventh Avenue – 40th Floor
New York, NY 10123
(212) 246-0900
nasnen@kleinmoynihan.com

*Attorneys for Defendant DMS, Inc.
incorrectly sued as DMS DE, Inc.*

---

[2] Plaintiff asserts that because this is a class action, dismissing the claims without prejudice may affect the rights of some class members who could be outside the statute of limitations if the case was refiled.

3

## CERTIFICATE OF SERVICE

I hereby certify that JOINT MOTION TO SEVER CLAIMS AGAINST DMS in Case No. 2:21-CV-00551 before the United States District Court, District of Utah, was served upon the parties via the CM/ECF system on August 24, 2022.

                                            s/ *James S. Wertheim*
                                            James S. Wertheim